Matter of Melendez v New York State Dept. of Corr. & Community Supervision (2025 NY Slip Op 04288)

Matter of Melendez v New York State Dept. of Corr. & Community Supervision

2025 NY Slip Op 04288

Decided on July 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 24, 2025

CV-24-1187
[*1]In the Matter of Luis Melendez, Appellant,
v
New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date:June 20, 2025

Before:Aarons, J.P., Lynch, Ceresia, McShan and Mackey, JJ.

Luis Melendez, Woodbourne, appellant pro se.
Letitia James, Attorney General, Albany (Brian Lusignan of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Andra Ackerman, J.), entered May 20, 2024 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent computing, among other things, petitioner's eligibility for a merit time allowance.
In May 2017, petitioner was sentenced to three concurrent six-year prison terms, to be followed by two years of postrelease supervision (hereinafter PRS), upon his convictions of three counts of criminal sale of a controlled substance in the third degree. The sentences were ordered to be executed as sentences of parole supervision pursuant to CPL 410.91. After completing drug treatment, petitioner was released to PRS on September 12, 2017, and 10 days later he was declared delinquent based upon his commission of a new crime. In October 2019, petitioner was sentenced upon his new crime, criminal sale of a controlled substance in the third degree, to a prison term of six years, to be followed by three years of PRS, which prison term ran consecutively to his 2017 sentence by operation of law (see Penal Law § 70.25 [2-a]). He was resentenced in 2019 for that crime, as a second felony offender, to two years in prison, to be followed by three years of PRS, which similarly ran consecutively to his 2017 sentence.
In 2021, respondent calculated the date that petitioner would be eligible for supervised release, concluding that he was eligible for a merit time allowance equal to ? of his 2019 resentence, or three months and 14 days. Petitioner filed a grievance, contending that he should be eligible for merit time allowance of ? of his aggregate determinate sentences including both his remaining 2017 sentence and his 2019 resentence. Respondent adhered to the determination that petitioner's merit time allowance eligibility was properly calculated as ? of his 2019 resentence and did not include his time owed on his 2017 sentence. After petitioner exhausted his administrative remedies, he instituted this proceeding pursuant to CPLR article 78 seeking a writ of mandamus to compel respondent to recalculate his merit time allowance credit to reflect that he is entitled to a credit of ? of his aggregate determinate 2017 and 2019 sentences. Supreme Court dismissed the petition. Petitioner appeals.
We affirm. A "writ of mandamus is an extraordinary remedy that lies only to compel the performance of acts which are mandatory, not discretionary, and only when there is a clear legal right to the relief sought" (Matter of Johnson v Annucci, 208 AD3d 1403, 1405 [3d Dept 2022] [internal quotation marks and citations omitted]; see CPLR 7803 [1]; New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184 [2005]). As relevant here, merit time allowances, which may be granted to incarcerated individuals serving determinate sentences who complete certain programs, accelerate the date on which they may be eligible to be conditionally released to parole supervision[*2](see Correction Law § 803 [1] [d] [i], [ii], [iv]; [2-a] [d]; 7 NYCRR 280.1 et seq.; Matter of McKeown v Goord, 284 AD2d 622, 622 [3d Dept 2001]; see generally Bangs v Smith, 84 F4th 87, 92-93 [2d Cir 2023]). Judicial review of respondent's decision regarding petitioner's merit time allowance is limited to whether the determination was "made in accordance with law" (Correction Law § 803 [4]; see 7 NYCRR 280.4 [b] [2]).
Petitioner contends that he is eligible for a merit time allowance calculated as ? of his aggregate prison terms imposed for his 2017 and 2019 sentences, relying on Correction Law § 803 (2-a) (d), for a total merit time allowance of one year, one month and 20 days (see 7 NYCRR 280.3 [b]). Respondent found, and Supreme Court agreed, that that statutory subdivision is inapplicable, and petitioner is not entitled to and did not earn a merit time allowance on his 2017 sentence — which was served as parole supervision — but is entitled to a merit time allowance of ? of his two-year prison term imposed in his 2019 resentence, for a total merit time allowance of three months and 14 days.
By statute, as relevant here, a person is only eligible to earn merit time allowance if they are in "the custody of [respondent]" and "serving . . . a determinate sentence" (Correction Law § 803 [1] [d] [i]). With respect to petitioner's 2017 sentence, he was not confined in a facility of respondent nor serving a determinate prison sentence but, rather, was serving his 2017 sentence as parole supervision when he committed a new crime, was declared delinquent and was returned to respondent's custody. Thus, he was not eligible to earn merit time allowance. Pursuant to Correction Law § 803 (2-a) (d), on which petitioner relies, where a person is serving two or more consecutive, determinate sentences for Penal Law article 220 or 221 offenses, they may receive a merit time allowance of ? of their aggregate determinate sentences. However, petitioner is not eligible to earn merit time allowance for time spent on parole release on his 2017 sentence or for the undischarged portion of that sentence. To that end, any time allowances granted are permanently forfeited where a person released to PRS is returned to prison for violating a condition of PRS or for a conviction of a crime committed while on such supervision (see Correction Law § 803 [5]). As such, the Correction Law does not, as petitioner argues, authorize basing merit time allowance on the undischarged portion of the 2017 determinate prison term and, instead, only permits an award of merit time of ? of the 2019 determinate prison term.
Petitioner also argues that his due process rights were violated by deviating from the statutory provisions governing merit time allowances. He has not shown that respondent's determination was contrary to any provision governing merit time allowances and, upon applying the balancing test set forth in Mathews v Eldridge (424 US 319, 334-335 [1976]), we are satisfied that [*3]the safeguards and procedures afforded petitioner, including administrative and judicial review, were adequate to satisfy procedural due process (see Matter of Sunsea Energy LLC v New York State Pub. Serv. Commn., 229 AD3d 1021, 1023-1025 [3d Dept 2024], lv denied 43 NY3d 901 [2025]). Because petitioner has no statutory right or entitlement to merit time allowance, his substantive due process claim lacks merit (see Cheng v United States, 132 F4th 655, 659 [2d Cir 2025]).
Aarons, J.P., Lynch, Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.